UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY OFOSUHENE, | ) |
|     Petitioner-Plaintiff, | ) ) ) |
|         v. | )  C.A. No. 20-10485-MLW ) |
| WILLIAM P. BARR, | ) ) |
|     Respondent-Defendant. | ) |

ORDER

WOLF, D.J.                                                                    April 1, 2020

The court has received petitioner Jerry Ofosuhene's pro se Petition for Writ of Habeas Corpus (the "Petition") (Docket No. 1). The petitioner claims to have been detained in Immigration and Customs Enforcement ("ICE") custody since April 24, 2019 without a bond hearing or custody review. See Docket No. 1-2 at 1.

The Petition appears to be a filled-out form petition for members of the class certified in Pereira Brito v. Barr, C.A. No. 19-11314 (D. Mass.), to request that the court order the Immigration Court to conduct a bond hearing for petitioner which meets the minimum constitutional standards recognized in that case. The Brito class is composed of aliens detained in Massachusetts pursuant to 8 U.S.C. §1226(a), the provision applicable to aliens with no serious criminal convictions who are not subject to an order of removal. See Brito v. Barr, 415 F. Supp.

3d 258, 263 (D. Mass. 2019); 8 U.S.C. §1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained <u>pending a decision on whether the alien is to be removed from the United States</u>.") (emphasis added).

Upon review of the Petition, it appears that the petitioner is subject to a final order of removal. Therefore, he is not a member of the <u>Brito</u> class as he is not being detained pursuant to 8 U.S.C. §1226(a) and is not eligible for a bond hearing pursuant to that section. Rather, he is most likely detained pursuant to 8 U.S.C. §1231, which governs the detention of aliens that have been ordered removed. As the petitioner claims to be married to a United States citizen and to be the beneficiary of a pending Form I-130, he is a member of the class certified in <u>Calderon Jimenez v. McAleenan</u>, C.A. No. 18-cv-10225, pending before this court.

It appears to the court that the <u>pro se</u> Petition does not state a claim upon which relief can be granted. As petitioner is subject to a final order of removal he is not eligible for a bond hearing pursuant to 8 U.S.C. §1226, the only relief which he requests.

It is possible, however, that the circumstances of petitioner's detention may violate 8 U.S.C. §1231, 8 C.F.R. §241.4 (which governs detention of aliens previously ordered removed beyond the 90-day removal period), or petitioner's Due Process rights. <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001).

Accordingly, the court is allowing the petitioner to file an amended petition which correctly reflects the circumstances of his detention and requests relief to which he may be entitled. The court advises the petitioner to seek the services of pro bono legal counsel if he cannot afford an attorney.

Accordingly, it is hereby ORDERED that:

1. The petition shall be served on the government.

2. The petitioner shall file, by April 22, 2020, an amended petition or a statement that he does not intend to do so. Defendants do not need to respond to the present petition unless an amended petition is not filed by April 22, 2020.

3. The case is STAYED until April 22, 2020 or until the petitioner files an amended petition or statement that he does not intend to do so, whichever is earlier.

4. In order to preserve the court's jurisdiction and to provide the parties an opportunity to brief the issues properly, Jerry Ofosuhene shall not be moved outside the District of Massachusetts until the Motion has been resolved, and shall remain detained within the jurisdiction of the Boston Enforcement and Removal Operations ("Boston ERO") unless the court orders otherwise. See 28 U.S.C. §1651(a). This requirement may be reconsidered by the court sua sponte or upon motion by either party.

__/s/ Mark L. Wolf_____
UNITED STATES DISTRICT JUDGE

4